UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA C. HARBACHECK,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C19-94 RAJ<br><br>**ORDER GRANTING COMMISSIONER'S MOTION TO DISMISS** |

This matter is before the Court on the Commissioner's motion to dismiss Plaintiff's complaint as untimely. Dkt. 8. Plaintiff filed no response to the Commissioner's motion, which was noted for consideration on July 5, 2019. *See* Dkt. 8 at 1; Local Civil Rule 7(d)(3). Because Plaintiff did not file this action within the 60-day limitations period in 42 U.S.C. § 405(g) and Plaintiff has not demonstrated extraordinary circumstances warranting equitable tolling, the Court grants the Commissioner's motion and dismisses this case with prejudice.

Plaintiff's application for Supplemental Security Income was denied initially, upon reconsideration, and in an ALJ decision dated March 28, 2018. Dkt. 8, Ex. 2 at 8, 5.[1] In a notice dated November 14, 2018, the Appeals Council denied Plaintiff's request for review, making the

---

[1] A district court may consider documents attached to a motion to dismiss if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Here, Plaintiff's complaint seeks review of, and thus necessarily relies on, the ALJ's decision and Appeals Council's notice of denial.

ORDER GRANTING COMMISSIONER'S MOTION TO DISMISS - 1

1 ALJ's decision the final decision of the Commissioner. *Id.* at 25. The notice of denial informed
2 Plaintiff of her right under 42 U.S.C. § 405(g) to seek judicial review within 60 days of receipt,
3 which was presumed to be five days after the notice's date. *Id.* at 26. Plaintiff's deadline to file
4 an action was thus January 18, 2019. *See* Dkt. 8 at 2. However, Plaintiff did not file this action
5 until January 22, 2019. Dkt. 1.

6 The 60-day limit is a statute of limitations, which must be strictly construed but is subject
7 to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 479, 481 (1986); *Vernon v.*
8 *Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Plaintiff filed her civil action after the 60-day
9 limit had expired. Plaintiff has not filed any opposition to the motion to dismiss and thus has
10 provided no argument that the statute of limitations should be equitably tolled, and Plaintiff's
11 complaint lacks any factual allegations demonstrating circumstances under which the statute of
12 limitations should be equitably tolled. *See* Dkt. 3. Therefore, the 60-day time restriction set
13 forth in 42 U.S.C. § 405(g) bars review of the Commissioner's decision denying the claim for
14 Social Security benefits, and no special circumstances have been shown that would permit this
15 Court to toll the limitation period.

16 Accordingly, the Commissioner's motion is GRANTED and this case is DISMISSED
17 with prejudice.

18 DATED this 17th day of July, 2019.

The Honorable Richard A. Jones
United States District Judge